IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.  17-cv-203-JPG-RJD |
| ) | |
| COMMISSIONER of SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER for ATTORNEY'S FEES**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Petition for Attorney Fees Pursuant to § 206(b)(1) (Doc. 32).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted Plaintiff's application for benefits. The fee agreement between Plaintiff and his attorney (Doc. 36, Ex. 2) provided for a fee of 25% of Plaintiff's past-due benefits. Plaintiff was found to be disabled as of June 15, 2013, and the amount of past-due benefits is $85,098.00. The Commissioner withheld 25% of that amount ($21,274.50) for attorney's fees, subject to court approval. (Doc. 32, Ex. 1).

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $4,757.29. (Doc. 31).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

1

>Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by Plaintiff, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $21,274.50 is a reasonable fee.  The Court notes that counsel agrees to waive any claim for fees for representing Plaintiff at the administrative level.  (Doc. 32, ¶ 14).

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798, n. 6.  The Commissioner has filed a response indicating he does not oppose the fee request.   (Doc. 34).

Wherefore, Plaintiff's Petition for Attorney Fees **(Doc. 32)** is **GRANTED**.  The Court awards Plaintiff's counsel Frederick J. Daley, Jr. a fee of $21,274.50 (twenty-one thousand, two hundred seventy-four dollars and fifty cents), to be paid by the agency from the past-due benefits.  Upon receipt, counsel shall refund to Plaintiff the amount of the EAJA fee.

**IT IS SO ORDERED.**

**DATED:  July 15, 2020.**

>s/ *Reona J. Daly*
>**REONA J. DALY**
>**UNITED STATES MAGISTRATE JUDGE**